# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHARLES CHERRY**  **PLAINTIFF**
**#169745**

V.    NO. 4:24-cv-00172-LPR-ERE

**ERIC HIGGINS,** *et al.*    **DEFENDANTS**

## ORDER

*Pro se* plaintiff Charles Cherry, a pre-trial detainee at the Pulaski County Regional Detention Facility ("Detention Facility"), filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc 2.* In his original complaint, Mr. Cherry alleges that: (1) Defendants Holmes, Fry, D. Green, Bogard, M. Green, D. Harris, C. Green, C. Jones, Matthews, C. Miller, R. Lambert, C. Mosely, Rembly, Brooks, and Myrick have acted with deliberate indifference to his health by smoking during their shifts at the Detention Facility placing his health at a substantial risk of harm; and (2) Defendant Eric Higgins is aware of this conduct, but he has failed to remedy the problem. He sues each Defendant in both his or her individual and official capacity seeking monetary damages, declaratory relief,[1] and injunctive relief.

---

[1] Mr. Cherry seeks a declaration that Defendants violated his constitutional rights. *Doc. 2 at 3*. However, "[a] declaratory judgment is meant to define legal rights and obligations of the parties in anticipation of some *future conduct*, not simply to proclaim liability for a past act." *Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019).

The Court previously determined that Mr. Cherry stated a deliberate indifference claim again each of the named Defendants and issued service for those claims.

Mr. Cherry later filed an amended complaint naming two additional individuals as Defendants, Randy Morgan and Washington. For screening purposes only, Mr. Cherry has stated a deliberate indifference claim against each of those Defendants.[2] Service of those claims is now proper.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is instructed to prepare summonses for Defendants Randy Morgan and Washington.

2. The United States Marshal is directed to serve these Defendants with a summons and a copy of the complaint and the amended complaint (with any attachments) (*Docs. 2, 6*), without requiring prepayment of fees and costs or security. Service for these Defendants should be through the Pulaski County Detention Facility, 3201 West Roosevelt Road, Little Rock, Arkansas 72204.

---

[2] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

SO ORDERED 13 May 2024.

_____
UNITED STATES MAGISTRATE JUDGE